**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-232-RJC**

| | |
|---|---|
| **BARRY W. LANCETT,** ) | |
| ) | |
| Appellant, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| **WARREN L. TADLOCK,** ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon appeal by Appellant Barry W. Lancett from the Bankruptcy Court's decision in favor of Appellee Warren L. Tadlock. This Court, *sua sponte*, now considers whether Appellant's failure to comply with Federal Rule of Bankruptcy Procedure 8006 warrants dismissal of the appeal under Federal Rule of Bankruptcy Procedure 8001(a).

"If an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997). The ability of the district court to dismiss an appeal from a bankruptcy court order is specifically derived from the Federal Rules of Bankruptcy Procedure. Federal Rule of Bankruptcy Procedure 8001(a) states, "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court…deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a). "Before a district court may dismiss an appeal pursuant to Rule 8001(a), it must take *at least one* of the following steps: 1) make a finding of bad faith or negligence; 2) give the appellant notice and an opportunity to explain the delay; 3) consider whether the delay had any possible prejudicial effect on the other parties; or 4) indicate that it considered the impact of the sanction and

available alternatives." Id. at 1311.

Federal Rule of Bankruptcy Procedure 8006 states:

Within 14 days after filing the notice of appeal as provided by Rule 8001(a)…the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

Fed. R. Bankr. P. 8006. The Fourth Circuit has observed that "the sanction of dismissal for failure to comply with a . . . procedural guideline, such as Rule 8006), [is] a harsh sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). However, as the Fourth Circuit demonstrated in Serra Builders, an appellant's negligent failure to comply with Rule 8006's procedural requirements may lead to dismissal of the entire appeal. Id. (holding an appellant was negligent in filing the designation of items to be included in the appellate record fifteen days late).

In the present case, Appellant filed his notice of appeal from the bankruptcy court on May 6, 2014. As of December 10, 2014, Appellant has failed to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented. No reason has been given nor relief requested for this negligent failure. This period of time greatly exceeds the fourteen days allotted for filing a designation; thus, this Court dismisses Appellant's appeal.

**IT IS THEREFORE ORDERED** that this appeal is hereby **DISMISSED**.

Signed: December 16, 2014

Robert J. Conrad, Jr.
United States District Judge